United States District Court
Southern District of Texas
**ENTERED**
November 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | Criminal Case 5:20–cr–01564 |
| | § | |
| Gustavo Angel Mosqueda–Melero | § | |

# REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). This case has been referred, by order of the District Court, to the United States Magistrate Judge for the taking of a felony guilty plea and the Federal Rule of Criminal Procedure Rule 11 Allocution. All parties waived the right to plead guilty before a United States District Judge and consented to proceed before a United States Magistrate Judge.

On November 3, 2020, the Defendant and counsel appeared by video conference before the Magistrate Judge, who addressed the Defendant personally in open court and informed the Defendant of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure and determined that the Defendant was competent to plead guilty and fully understood said admonishments. The Defendant could not be physically present without seriously jeopardizing public health and safety during the national emergency created by the novel coronavirus. *See* Southern District of Texas General Order 2020-10 (implementing Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), and March 29, 2020 action by Judicial Conference authorizing video teleconferencing under certain circumstances). The plea hearing was not postponed because the Magistrate Judge found that further delay of the plea would cause serious harm to the interests of justice, namely resulting in the Defendant serving more time in jail than the Defendant's potential guideline sentence. The Defendant waived personal appearance on the record and consented to appearing by videoconference after consultation with counsel. The Magistrate Judge also confirmed that the Defendant could see and hear clearly during the proceeding.

The Defendant pleaded guilty to count one of the Indictment (violation of Title 8, United States Code, Section 1326). **No plea agreement was entered.** The Court explained that the District Judge is obligated to calculate the applicable sentencing guideline range under the Sentencing Guidelines promulgated by the United States Sentencing Commission and to consider that range in determining the Defendant's sentence. *See* Fed. R. Crim. P. 11(b)(1)(M). The Court also explained that the Defendant could receive a term of supervised release. The Court explained the range of punishment with regard to imprisonment, fines, restitution, supervised release, and the statutory fee assessment. The Court finally informed the Defendant that, if a person who is not a United States citizen is convicted of a crime, he or she may be removed

from the United States, denied citizenship, and denied admission to the United States in the future. *See* Fed. R. Crim. P. 11(b)(1)(O).

The Magistrate Judge finds the following:

1. The Defendant, with the advice of counsel, has consented orally to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;
2. The Defendant fully understands the nature of the charges and penalties;
3. The Defendant understands his/her Constitutional and statutory rights and wishes to waive these rights;
4. The Defendant's plea is made freely and voluntarily;
5. The Defendant is competent to enter this plea of guilty;
6. There is an adequate factual basis for this plea; and
7. Further delay of the plea would cause serious harm to the interests of justice.

## Recommendation

The Magistrate Court **RECOMMENDS** that the District Court accept the plea of guilty and enter final judgment of guilt against the Defendant.

## Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

SIGNED on November 3, 2020, at Laredo, TX.

Christopher dos Santos
United States Magistrate Judge